# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES, #B58058,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **FRANK LAWRENCE,** ) <br> **JOHN DOE 1,** ) <br> **JANE DOE 1**, ) <br> **WATERMAN,** ) <br> **CARTWRIGHT**, ) <br> **ANDERSON,** ) <br> **JOHN DOE 2,** ) <br> **JOHN DOE 3,** ) <br> **JOHN DOES 4-13,** ) <br> **JOHN DOE 14** ) <br> **JANE DOES 2-3**, and ) <br> **MORRIS,** ) <br> ) <br> **Defendants.** ) | Case No. 20-cv-00158-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Reginald Jones, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims under the First and Eighth Amendments and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: On July 15, 2019, Plaintiff was involved in an assault of a staff member at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1, p. 35). He was pepper sprayed and restrained in handcuffs. (*Id.*). He was later interviewed by John Doe 1 and Jane Doe 1 and advised them he had suffered injuries to his left ear, neck, and wrists. (*Id.*). The wrist lacerations were visible, but John Doe 1 and Jane Doe 1 approved his immediate transfer to Menard without providing him with medical care. (*Id.*). The denial of medical care was in retaliation for the staff assault. (*Id.*, p. 42).

Waterman and Cartwright transported Plaintiff to Menard. (*Id.*, 35). After his arrival at Menard, Plaintiff was interviewed by John Doe 2 and advised him of the wrist lacerations and his anxiety about the Pinckneyville staff assault. (*Id.*, pp. 35, 45). John Doe 2 failed to contact medical or mental healthcare in retaliation for the staff assault. (*Id.*, p. 42, 45).

After John Doe 2 left the room, Plaintiff was subjected to an attempted assault, which was done in retaliation for the Pinckneyville staff assault. (*Id.*, pp. 36, 38, 46). Waterman aimed an uncapped ballpoint pen at the base of his neck. (*Id.*). Cartwright, John Does 4-13, and Jane Does 2-3 stood behind Waterman, hand-in-hand in an attempt to provide the necessary momentum to cause the pen to pierce Plaintiff's neck. Plaintiff prevented the attack by facing the would-be assailants. (*Id.*, pp. 36-37). Plaintiff was secured in the bullpen and Waterman, Cartwright, John Does 4-13, and Jane Does 2-3 left the area. (*Id.*, p. 37).

Shortly thereafter, Plaintiff was subjected to a second attempted assault in retaliation for the Pinckneyville staff assault. (*Id.*, p. 39). Anderson and John Doe 3 came to the bullpen and Anderson ordered Plaintiff to face the back wall. (*Id.*, p. 37). Anderson was holding a brass or metal bar with a ring and 2-inch horizontal extension. (*Id.*). Anderson crossed the bullpen aiming

the bar at Plaintiff's neck while John Doe 3 stood watch. (*Id.*). Plaintiff prevented the attack by facing Anderson. (*Id.*). He was then taken to a cell by Anderson and John Doe 3. (*Id.*).

The attempted assaults caused Plaintiff anxiety, insomnia, distress, and fear for his life. (*Id.*, p. 39). He submitted an emergency grievance to Warden Lawrence on August 13, 2019 regarding the attempted assaults. (*Id.*, p. 40). Lawrence denied emergency review and returned the grievance to Plaintiff for processing by his counselor. (*Id.*, pp. 40-41). His counselor interviewed the individuals named in the grievance regarding the attempted assaults. (*Id.*, p. 42). Plaintiff was subjected to a defective grievance process in retaliation for the staff assault and for filing the grievance. (*Id.*, p. 42).

On December 24, 2019, Morris and John Doe 14 sprayed pepper spray in Plaintiff's cell in an attempt to stun and burn him and possibly to enter the cell to cause his death. (*Id.*, pp. 47-48). On December 26, 2019, Morris told Plaintiff he had seen a copy of Plaintiff's complaint to the Inspector General, which contained names and addresses of Plaintiff's family members. (*Id.*). Morris claimed that he had shown it to an inmate worker and gang member and a hit had been carried out on Plaintiff's family. (*Id.*, p. 49). Plaintiff suffered in pain and agony believing his family had been murdered until he received a letter the next evening from his mother. (*Id.*).

Sometime between December 24, 2019 and December 30, 2019, Plaintiff was subjected to another attack of pepper spray in his cell by Morris and John Doe 14. (*Id.*, pp. 49, 52). Additionally, Morris told Plaintiff he was throwing away letters sent to Plaintiff by his brothers. (*Id.*, p. 50). These actions were done in retaliation for the Pinckneyville staff assault, the emergency grievance filed on August 13, 2019, and a lawsuit filed against Menard officials (SDIL Case No. 3:19-cv-01281-NJR filed November 21, 2019). (*Id.*, p. 47).

Based on the allegations in the Complaint, the Court finds it convenient to organize this

action into the following Counts:

> Count 1: Eighth Amendment claim against John Doe 1 and Jane Doe 1 for denying Plaintiff medical care for the injuries he suffered on July 15, 2019.
>
> Count 2: Eighth Amendment claim against John Doe 2 for denying Plaintiff medical and mental health care for his anxiety and the injuries he suffered on July 15, 2019.
>
> Count 3: Eighth Amendment claim against Waterman, Cartwright, John Does 4-13, and Jane Does 2-3 for their participation in the harassment and threat to Plaintiff's safety on July 15, 2019.
>
> Count 4: Eighth Amendment claim against Anderson and John Doe 3 for their participation in the harassment and threat to Plaintiff's safety on July 15, 2019.
>
> Count 5: First Amendment retaliation claim against Waterman, Cartwright, John Does 4-13, Jane Does 2-3, Anderson, and John Doe 3 for harassing, attempting to assault, and threating Plaintiff's safety in retaliation for the Pinckneyville staff assault.
>
> Count 6: First Amendment access to courts claim against Lawrence for failing to grant emergency review of Plaintiff's grievance regarding the attempted assaults and sending it back to Plaintiff for submission to the counselor.
>
> Count 7: First Amendment retaliation claim against Lawrence for failing to grant emergency review of Plaintiff's grievance regarding the attempted assaults and sending it back to Plaintiff for submission to the counselor in retaliation for the Pinckneyville staff assault and filing the grievance.
>
> Count 8: Eighth Amendment claim against Lawrence because he knew of the attempted assaults but denied emergency review of Plaintiff's grievance.
>
> Count 9: Eighth Amendment claim against Morris and John Doe 14 for spraying pepper spray in Plaintiff's cell on December 24, 2019.
>
> Count 10: Eighth Amendment claim against Morris and John Doe 14 for spraying pepper spray in Plaintiff's cell on a second occasion sometime between December 24-30, 2019.
>
> Count 11: First Amendment claim against Morris and John Doe 14 for

4

> retaliating against Plaintiff for the Pinckneyville staff assault, filing a grievance regarding the attempted assaults at Menard, and filing a lawsuit against Menard officials by spraying pepper spray in Plaintiff's cell on two occasions, threatening his family, and destroying his mail.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]**

## Discussion

### Count 1

District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Here, the claim in Count 1 arose at Pinckneyville and the claims in Counts 2-11 arose at Menard. Therefore, the Court will exercise its discretion and sever Count 1 from this case. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

### Count 2

The allegations in the Complaint are sufficient to allow the Eighth Amendment claim in Count 2 to proceed against John Doe 2.

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

5

### Counts 3 and 4

Plaintiff does not claim he was subjected to excessive force during the attempted assaults. However, the circumstances of the attempted assaults may be characterized as harassment and a threat to Plaintiff's safety. Harassment can rise to the level of cruel and unusual punishment when it involves "a credible threat to kill, or to inflict other physical injury." *Dobbey v. Ill. Dep't of Corr.,* 574 F.3d 443, 446 (7th Cir. 2009). An objective standard is applied to determine whether prison officials' words or actions constitute cruel and unusual punishment. *Id.* The pertinent inquiry is what a "reasonable" person would fear; not the actual fear of the plaintiff. *Id.*

The two incidents alleged in the Complaint involved the threat of physical injury with an item brandished as a weapon and physical intimidation that could lead a reasonable person to fear for his safety. Therefore, the Eighth Amendment claims asserted in Counts 3 and 4 will be allowed to proceed against the defendants named in each Count.

### Count 5

Plaintiff alleges the actions that are the subject of Counts 3 and 4 were done in retaliation for the Pinckneyville staff assault. To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Plaintiff's assault on prison staff is not considered protected First Amendment activity. *Wisconsin v. Mitchell*, 508 U.S. 476, 484 (1993) ("[A] physical assault is not by any stretch of the imagination expressive conduct protected by the First Amendment."); *McElroy v. Unknown Parties*, No. 14-cv-01020, 2014 WL 5396172, at *2 (S.D. Ill. Oct. 21, 2014) (dismissing claim because "restraining guard" and "physical assault" are not activities "protected under the First Amendment").

Accordingly, Plaintiff fails to state a retaliation claim and Count 5 will be dismissed without prejudice.

**Count 6**

Plaintiff claims Lawrence blocked his access to the courts because he denied emergency review of his grievance and returned the grievance to him for submission to his counselor. He contends this subjected him to further rounds of a defective and inexhaustible grievance process. Prisoners have the right to petition the government for redress of grievances, which includes access to the courts to present their complaints. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Here, Plaintiff's access to the courts has not been impeded by the alleged actions, as the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *See Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016) (an inmate's lack of exhaustion may be excused if the administrative remedies process is "unavailable" to a prisoner, such as when prison officials thwart or obstruct the grievance process); *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance"). Because Plaintiff fails to state a colorable access to courts claim, Count 6 will be dismissed without prejudice.

**Count 7**

Plaintiff's allegation that Lawrence retaliated against him for the Pinckneyville staff assault fails to state a claim as previously explained. He also alleges that Lawrence denied expedited review of his emergency grievance in retaliation for the filing of that grievance. These allegations are insufficient to state a retaliation claim because Plaintiff did not suffer a deprivation; the grievance process was still available to him. If a grievance is denied emergency review, the

prisoner may resubmit the grievance as non-emergent in accordance with the standard grievance process. *See* 20 ILL.ADMIN.CODE § 504.840. Although Plaintiff states that Lawrence's actions subjected him to a defective and inexhaustible grievance process, he fails to explain how or why the process was defective or inexhaustible or how he suffered a deprivation likely to deter protected speech. Accordingly, Count 7 will be dismissed without prejudice.

## Count 8

Plaintiff claims that Lawrence's failure to grant emergency review of his grievance showed deliberate indifference to his Eighth Amendment rights. Generally, the denial or mishandling of a grievance – standing alone – do not violate the United States Constitution. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). That said, an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015).

There are no facts alleged which indicate that Lawrence had knowledge of *ongoing* unconstitutional conduct. He reviewed one grievance in which Plaintiff complained of two *attempted* assaults that had not resulted in any harm, and there was no tangible threat to Plaintiff's safety described. As such, Count 8 fails to state a claim for relief and will be dismissed without prejudice.

**Counts 9 and 10**

The allegations in the Complaint are sufficient to allow the Eighth Amendment claims stated in Counts 9 and 10 to proceed against Defendants Morris and John Doe 14.

**Count 11**

The allegations that Defendant Morris and John Doe 14 retaliated against Plaintiff for filing a grievance and a lawsuit against Menard officials are sufficient to state a retaliation claim. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (grieving about prison conditions is protected First Amended activity); *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996) (filing lawsuits is protected First Amended activity). Count 11 will be allowed to proceed against Morris and John Doe 14.

**Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff seeks a temporary restraining order (TRO) and preliminary injunction ordering his transfer from Menard to another facility and his security status changed to protective custody status. (Doc 3). The purported bases for Plaintiff's request are fear for his safety and the potential for retaliation based on the incidents that occurred in July 2019 and December 2019, the filing of his grievance in August 2019, the filing of a lawsuit against Menard officials in November 2019, and the filing of this lawsuit. Plaintiff also makes vague references to other retaliation and threats by prison officials but fails to provide any details.

A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). To obtain preliminary injunctive relief, a plaintiff must establish that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer

irreparable harm without the injunction. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). If a plaintiff establishes these three elements, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.* at 662. Mandatory preliminary injunctions – those requiring an affirmative act – are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

Plaintiff has not made a clear showing of immediate or irreparable injury that will result without a TRO or preliminary injunction. His allegations pertain to past conduct and speculation regarding the potential for retaliation. He has failed to articulate any specific or imminent threat to his safety. "[A] speculative fear of injury is not a ground for an injunction." *Wright v. Miller*, 561 F.App'x 551, 554 (7th Cir. 2014). Accordingly, the motion for TRO and preliminary injunction (Doc. 3) is **DENIED**.

### Identification of Unknown Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Frank Lawrence as the Warden Lawrence of Menard Correctional Center will be added in his official capacity to respond to discovery aimed at identifying the unknown defendants. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 is **SEVERED** into a new case against John Doe

1 and Jane Doe 1. The Clerk of Court is **DIRECTED** to **TERMINATE** John Doe 1 and Jane Doe 1 as parties in this case. Further, the Clerk of Court is **DIRECTED** to file the following documents into the newly severed case:

1) The Complaint (Doc. 1);

2) Motion for Leave to Proceed in forma pauperis (Doc. 2); and

3) This Memorandum and Order.

**IT IS ORDERED** that the following claims will proceed in this case: Count 2 against John Doe 2; Count 3 against Waterman, Cartwright, John Does 4-13, and Jane Does 2-3; Count 4 against Anderson and John Doe 3; and Counts 9, 10, and 11 against Morris and John Doe 14.

**IT IS ORDERED** that Counts 5, 6, 7, and 8 are **DISMISSED** without prejudice for failure to state a claim. Defendant Frank Lawrence, in his individual capacity, is **DISMISSED** without prejudice for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate Frank Lawrence in his individual capacity as a party in this case and add Frank Lawrence, Warden of Menard Correctional Center, in his official capacity, for purposes of responding to discovery aimed at identifying the Doe Defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Waterman, Cartwright, Anderson, Morris, Lawrence (official capacity only), and, *once identified*, John Does 2-14 and Jane Does 2-3: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require

that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified each Defendant by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Menard Correctional Center is in the case solely for discovery purposes, he need not respond to the Complaint. The Warden only needs to enter his appearance. He will receive further instruction on discovery at a later date. Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 12, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.